UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HECTOR JACKSON,

                    Plaintiff,                    9:25-CV-0477
                                                                (AMN/MJK)
          v.

BRIAN MCAULIFFE, et al.,

                    Defendants.

---

APPEARANCES:                                          OF COUNSEL:

HECTOR JACKSON
Plaintiff, pro se
23-R-0585
Riverview Correctional Facility
PO Box 247
Ogdensburg, NY 13669

ANNE M. NARDACCI
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

On April 17, 2025, pro se plaintiff Hector Jackson ("plaintiff") commenced this action by filing a complaint. Dkt. No. 1 ("Compl."). In the complaint, plaintiff asserts claims for the violation of his constitutional rights arising out of his confinement with the New York State Department of Corrections and Community Supervision ("DOCCS"). *See generally* Compl. With the complaint, plaintiff filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application").

On April 21, 2025, the Court denied the IFP Application as incomplete and administratively closed the matter due to plaintiff's failure to comply with the filing fee

requirements.  Dkt. No. 3.  The Court directed plaintiff to either (1) pay the full $405.00 filing fee for civil actions; or (2) submit a completed and signed IFP Application certified by an appropriate official at his facility and an inmate authorization form.  *Id*.

On May 1, 2025, plaintiff submitted an inmate authorization form (Dkt. No. 4) and a letter in support of his IFP Application (Dkt. No. 5).

## II.   DISCUSSION

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced unless a completed IFP Application is submitted to the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "The purpose of 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the judicial system because of their financial circumstances."  *Monti v. McKeon*, 600 F.Supp. 112, 114 (D. Conn. 1984) (citing *Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 96 (S.D.N.Y. 1976)).  Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the filing fee.  28 U.S.C. § 1915(a)(1).  "[T]he federal district courts are vested with especially broad discretion to deny state prisoners the privilege of proceeding IFP in civil actions against officials of the institution in which they are incarcerated."  *Anderson v. Coughlin,* 700 F.2d 37, 42 (2d Cir. 1983).

Section 1915, provides, in pertinent part, that an IFP request must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  In accordance with Local Rule 5.1.4 of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), a prisoner seeking IFP status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application.  N.D.N.Y.L.R. 5.1.4(b)(1)(A).   A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility.  The certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

As noted in the prior Order, plaintiff's IFP Application (Dkt. No. 2) was not certified by an appropriate official at plaintiff's facility and plaintiff did not submit a certified copy of his trust fund account statements for the six-month period immediately preceding the filing of the complaint in accordance with the Court's Local Rules.

On May 1, 2025, plaintiff provided a written statement explaining that the inmate account supervisor "is refusing to certify/return to me, the IFP form[.]"  Dkt. No. 5.  Plaintiff is advised that the Court cannot accept such generalized claims.  Any assertion that officials refuse to return his IFP Application or provide certified account statements must be supported by an affidavit specifically detailing the circumstances of plaintiff's request(s) and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.  *See Rodriguez v. FCI Fort Dix*, No. 16-6970, 2016 WL 6662475, at *1, n. 2 (D.N.J. Nov. 10, 2016); *see also Martin v. State of New Jersey*, No. CV1912979, 2019 WL 13251073, at *1 (D.N.J. Aug. 7, 2019 (denying IFP application because the plaintiff

did not provide any affidavit providing the specifics of her requests for the account certification nor did she allege that jail officials refused to provide her with a statement of her account).

In light of plaintiff's pro se status, the Court will afford him a **final** opportunity to comply with the filing fee requirements for this action.  If plaintiff wishes to proceed with this action, he must within thirty (30) days pay the filing fee of $405.00 in full or submit an IFP application with information regarding his inability to pay the filing fee.  Plaintiff is reminded that a copy of his trust fund account statements for the six-month period immediately preceding the filing of the complaint may be submitted in lieu of the completed certificate portion of the IFP Application.  *See* 28 U.S.C. § 1915(a)(2).

Upon plaintiff's timely compliance with this Decision and Order, the Clerk shall return the file to the Court for review of the complaint.  Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action without prejudice, without further order of the Court.[1]

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff must, within thirty (30) days of the filing date of this Decision and Order, either (1) pay the $405.00 filing fee in full, or (2) submit an IFP Application consistent with this Decision and Order; and it is further

**ORDERED** that, upon plaintiff's timely compliance with this Decision and Order, the Clerk shall return the file to the Court for further review; and it is further

---

[1] To the extent that plaintiff's letter includes a request for unspecified and general "injunctive relief" against "all defendants until the pending legal action is fully and completely decided/determined" (Dkt. No. 5 at 2), that request is denied.

**ORDERED** that, if plaintiff does not timely comply with this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice without further order of this Court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff. The Clerk is directed to send plaintiff two blank IFP Applications; and shall also send plaintiff a second copy of this Decision and Order, which plaintiff may provide to the inmate accounts office at his facility along with his request for certification of his completed and signed IFP Application (and/or certified copies of his inmate account statements).

**IT IS SO ORDERED.**

Dated: June 18, 2025
         Albany, NY

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge